NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

04-3429

WILLIAM E. CURDY,

Petitioner,

v.

DEPARTMENT OF VETERANS AFFAIRS,

Respondent.

---

DECIDED:  February 11, 2005

---

Before RADER, SCHALL, and GAJARSA, Circuit Judges.

PER CURIAM.

DECISION

William E. Curdy petitions for review of the final decision of the Merit Systems Protection Board ("Board") that sustained the action of the Department of Veterans Affairs ("agency") removing him from his position as an Information Technology Specialist (Internet), GS-2210-12, effective April 10, 2003.  Curdy v. Dep't of Veterans Affairs, No. SF-0752-03-0360-I-1 (M.S.P.B. Aug. 10, 2004) ("Final Decision").  We affirm.

DISCUSSION

I.

The agency removed Mr. Curdy from his position based upon seven charges: (1) Threatening behavior towards a supervisor (one specification); (2) Threatening behavior towards a co-worker (one specification); (3) Creating a hostile work environment (three specifications); (4) Using insulting language towards a supervisor (one specification); (5) Disrespectful behavior (five specifications); (6) Failure to follow instructions (two specifications); and (7) Delay in carrying out a direct order (one specification). Mr. Curdy timely appealed his removal to the Board.

Following a hearing, the administrative judge ("AJ") to whom the appeal was assigned issued an initial decision in which she (i) sustained all of the charges against Mr. Curdy except for the charge of threatening behavior towards a co-worker, and (ii) rejected Mr. Curdy's affirmative defenses that the agency undertook the removal action in retaliation for protected union activity and whistleblowing. Curdy v. Dep't of Veterans Affairs, No. SF-0752-03-0360-I-1 (M.S.P.B. Aug. 8, 2003) ("Initial Decision"). Accordingly, the AJ upheld the removal action.

The AJ's Initial Decision became the final decision of the Board on August 10, 2004, after the Board denied Mr. Curdy's petition for review for failure to meet the criteria for review set forth at 5 C.F.R. § 1201.115(d). Final Decision. This appeal followed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

II.

Our scope of review in an appeal from a decision of the Board is limited. Specifically, we must affirm the Board's decision unless we find it to be arbitrary,

capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. Kewley v. Dep't of Health & Human Servs., 153 F.3d 1357, 1361 (Fed. Cir. 1998). On appeal, Mr. Curdy makes essentially three arguments: (i) that the decision of the Board is not supported by substantial evidence; (ii) that the Board erred in rejecting his affirmative defenses; and (iii) that the AJ erred in certain evidentiary rulings that she made during the hearing. We address these contentions in turn.

We reject Mr. Curdy's argument that the Board's decision is not supported by substantial evidence. In sustaining all but one of the seven charges against Mr. Curdy, the AJ credited the testimony of the agency's witnesses with respect to critical events over the testimony of the witnesses presented by Mr. Curdy (including himself). An AJ's credibility determinations are virtually unreviewable. See Frey v. Dep't of Labor, 359 F.3d 1355, 1361 (Fed. Cir. 2004). We see no reason to disturb the credibility determinations made by the AJ in this case.

Neither do we see merit in Mr. Curdy's argument that the Board erred in rejecting his affirmative defenses. Mr. Curdy is correct that union activity is protected. See Old Dominion Branch No. 46, Nat'l Ass'n of Letter Carriers, AFL-CIO v. Austin, 418 U.S. 264, 283 (1984). However, the fact that such activity is protected does not create license for the kind of threatening, disruptive, and insubordinate behavior in which Mr. Curdy engaged. See Wiggins v. Nat'l Gallery of Art, 980 F.2d 1436, 1438 (Fed. Cir. 1992) ("Although [5 U.S.C. § 7116 (1988)] lists actions that constitute unfair labor practices, such as interference by an agency with an employee's union activities, the AJ

04-3429 3

properly reasoned that it grants no right to engage in repeated and public insubordination."). As far as Mr. Curdy's affirmative defense of whistleblowing is concerned, the AJ stated: "Based on the appellant's failure to present any evidence related to this claim and his failure to allege that he made any disclosures that meet any of the criteria in 5 U.S.C. § 2302(b)(8), I find that he has failed to establish that the agency took its action in reprisal for whistleblowing." Initial Decision, slip op. at 24. On appeal, Mr. Curdy has not presented any argument demonstrating error on the part of the AJ on this point.

Finally, Mr. Curdy's complaint with respect to evidentiary rulings by the AJ relates to two matters: (1) admitting and relying upon an audiotape of the July 18, 2002 staff meeting at which, the AJ found, Mr. Curdy acted in a disruptive and threatening manner; and (2) permitting the agency to substitute one witness for another and receiving in evidence a signed written statement in lieu of live testimony. We are not persuaded by Mr. Curdy's arguments. Evidentiary rulings are matters within the AJ's sound discretion. See Curtin v. Office of Pers. Mgmt., 846 F.2d 1373, 1378 (Fed. Cir. 1988). Absent abuse of discretion, such rulings are not disturbed. See McEnery v. Merit Sys. Prot. Bd., 963 F.2d 1512, 1514 (Fed. Cir. 1992). We see no abuse of discretion in this case. Assuming authentication was necessary, see Fed. R. Evid. 901, we think the tape recording of the July 18, 2002 staff meeting was effectively authenticated through the testimony of witnesses who were present at the meeting. We also see no abuse of discretion in the AJ's admission of the written statement and her allowing an unscheduled witness to testify. Apart from the fact that Mr. Curdy has not shown error in these rulings, we are unable to see how he was harmed by them. In particular, Mr.

Curdy has not demonstrated that the written statement of Ms. Dixon or the testimony of the unscheduled witness, Mr. Alberto, provided any evidence that was not already provided by other witnesses and the tape recording.

For the forgoing reasons, the final decision of the Board is affirmed.

Each party shall bear its own costs.